UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
VIRGINIA ALEYN, DOMINIQUE BELL, : Civil Action No.: 07-6276 **(HB) (DCF)**
KRIS MOUNT, SUKOL PHAIROJ, :
KATHERINE TUMINELLI and CRAIG :
YOCHEM on behalf of themselves and all : **DEFENDANT JEAN-GEORGES**
other similarly situated, : **ENTERPRISES, LLC'S ANSWER TO**
: **PLAINTIFFS' COMPLAINT**
Plaintiffs, :
:
-against- :
:
JEAN-GEORGES ENTERPRISES, LLC d/b/a :
V STEAKHOUSE; JEAN-GEORGES :
MANAGEMENT LLC d/b/a V :
STEAKHOUSE; JEAN-GEORGES :
VONGERICHTEN and PHIL SUAREZ :
:
Defendants. :
:
------------------------------------------------------------ x

Defendant Jean-Georges Enterprises, LLC d/b/a V Steakhouse ("Jean-Georges"), for its answer and affirmative defenses to Plaintiffs Virginia Aleyn's, Dominique Bell's, Kris Mount's, Sukol Phairoj's, Katherine Tuminelli's and Craig Yochem's (collectively "Plaintiffs") Complaint, in paragraphs numbered to correspond with the actual numbers in the Complaint itself, states as follows:

### AS TO JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint requires no response.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Plaintiffs allege that this Court has jurisdiction under 29 U.S.C. §§ 201, *et seq.* and that they further allege that Plaintiffs venue is proper in this Court and that they further allege

that this Court has supplemental jurisdiction over the New York state law wage and hour claims under 28 U.S.C. § 1367.

## AS TO THE PARTIES

3. Paragraph 3 of the Complaint requires no response.

4. Admits the allegations set forth in Paragraph 4 of the Complaint.

5. Admits the allegations set forth in Paragraph 5 of the Complaint.

6. Denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint and further alleges that Defendant Phil Suarez has been dismissed from this action by Order dated August 8, 2007.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

10. The allegations in Paragraph 10 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Denies each and every allegation set forth in Paragraph 11 of the Complaint.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint.

## AS TO RULE 23 ALLEGATIONS – NEW YORK

13. Denies each and every allegation set forth in Paragraph 13 of the Complaint, except admits that Plaintiffs allege that they are bringing the Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendant at any New York location as a server, busboy and/or captain on

or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. Denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint, except admits Plaintiffs allege the proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court, and that although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are more than fifty (50) members of the Class.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Denies each and every allegation contained in Paragraph 20 (a-h, inclusive), of the Complaint.

### AS TO THE FACTS

21. Paragraph 21 alleges facts to which no response is required.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Paragraph 24 states a legal conclusion for which no response is required.

25. Paragraph 25 states a legal conclusion for which no response is required.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

6264/40909-003 Current/10010620v3

28. Denies each and every allegation contained in Paragraph 28 (a-d, inclusive) of the Complaint.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

### AS TO "THE FIRST CLAIM FOR RELIEF"
### (FLSA Claims, 29 U.S.C. §§ 201, *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

34. Repeats and realleges its answers and responses to Paragraphs 1 through 33, inclusive, as if set forth in full herein in response to Paragraph 34 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

### AS TO "THE SECOND CLAIM FOR RELIEF"
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

38. Repeats and realleges its answers to Paragraphs 1 through 37, inclusive, as if set forth in full herein in response to Paragraph 38 of the Complaint.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

6264/40909-003 Current/10010620v3

### AS TO "THE THIRD CLAIM FOR RELIEF"
### (New York State Minimum Wage Act, New York Labor Law §§ 650, *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

43. Repeats and realleges its answers to Paragraphs 1 through 42, inclusive, as if set forth in full herein in response to Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to liquidated damages.

### AS TO "THE FOURTH CLAIM FOR RELIEF"
### (New York Minimum Wage Act, N.Y. Stat. §650, *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

48. Repeats and realleges its answers to Paragraphs 1 through 47, inclusive, as if set forth in full herein in response to Paragraph 48 of the Complaint.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to liquidated damages.

**AS TO "AS AND FOR THE FIFTH CLAIM FOR RELIEF"**
**(Illegal Pay Deductions and Deductions from**
**Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

53. Repeats and realleges its answers to Paragraphs 1 through 52, inclusive, as if set forth in full herein in response to Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitle to liquidated damages.

**PRAYER FOR RELIEF**

Defendant denies the allegations in the WHEREFORE clause of the Complaint, (a-h inclusive), and further denies that Plaintiffs are entitled to any relief demanded therein or any relief whatsoever.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

If Defendant is found to have failed to pay Plaintiffs, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief

that it had complied fully with the FLSA wage and hour laws. Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendant has not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA. By reason of the foregoing, Plaintiffs and/or any putative member of the purported FLSA Collective Action are not entitled to liquidated damages. Moreover, only a two-year statute of limitations should apply under the FLSA.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims, and the claims of the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant denies that it acted unlawfully or improperly toward Plaintiffs and the putative members of the purported FLSA Collective Action defined in the Complaint. However, with regard to any potential award to Plaintiffs and/or the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiffs and/or putative members of the purported FLSA Collective Action, and/or all obligations of Plaintiffs or putative members of the purported FLSA Collective Action owed to Defendant, against any judgment that may be entered against Defendant.

6264/40909-003 Current/10010620v3

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The types of claims alleged by the named Plaintiffs of the purported FLSA Collective Action defined in the Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA and/or the New York Labor Law Class Action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiffs with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action under the New York Labor Law.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred, in whole or in part, because Plaintiffs have unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the alleged class of person which Plaintiffs purport to represent, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate representatives of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

6264/40909-003 Current/10010620v3

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b. Deny each and every request for relief contained in Plaintiffs' Complaint;

c. Award Defendant its reasonable attorneys' fees and legal expenses;

d. Award Defendant its costs and disbursements incurred in defense of this action; and

e. Award Defendant any other relief the Court deems just and proper.

                                    PROSKAUER ROSE LLP
                                    1538 Broadway
                                    New York, NY 10036-8299
                                    (212) 969-3000

Dated:  August 31, 2007            By: s/Elise M. Bloom
        New York, New York

                                      Elise M. Bloom
                                      Steven D. Hurd

                                      ATTORNEYS FOR DEFENDANT