DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VIRGINIA ALEYN, DOMINIQUE BELL, KRIS MOUNT, SUKOL PHAIROJ, KATHERINE TUMINELLI, AND CRAIG YOCHEM on behalf of themselves and all others similarly situated,

            Plaintiffs,

    v.

JEAN-GEORGES ENTERPRISES, LLC d/b/a V STEAKHOUSE; JEAN-GEORGES MANAGEMENT LLC d/b/a V STEAKHOUSE; and JEAN-GEORGES VONGERICHTEN,

            Defendants.
-----------------------------------------------------------x

INDEX NO: 07-cv-6276 (HB)

STIPULATED PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL INFORMATION

    Whereas, discovery in this action is expected to involve disclosure of confidential, private, and/or proprietary information and to facilitate the exchange of such information during the discovery phase of this action, Named Plaintiffs, all opt-ins, on behalf of themselves and others similarly situated, and Defendants, by and through their respective attorneys of record stipulate, agree and ask the Court to order as follows:

    1.    This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including but not limited to document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials"). The protections conferred by this Order cover not only Confidential Material (as defined below), but also any information

copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

2. All Confidential Materials (as defined below) made available in the course of the Litigation shall be used solely for the purposes of preparing for and conducting the Litigation and for no other purpose whatsoever. No Confidential Materials may be used or disseminated except in accordance with the terms of this Protective Order.

3. The term "Confidential Information" includes, but is not limited to, information which has not been made public and which concerns or relates to the business of Defendants not generally known to competitors, the disclosure of which may have the effect of causing harm to the party from which the information was obtained. In producing or disclosing Litigation Materials, the parties may designate as "Confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes or contains non-public, confidential information or proprietary information.

4. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially

2

asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6. The parties may designate Litigation Materials as "confidential" at or before production or disclosure by (a) stamping or otherwise writing the legend "CONFIDENTIAL" on each page of the Litigation Materials that contains Confidential Material; or (b) by an alternative method agreed to by all parties, prior to designation. For information produced in some form other than documentary, and for any other tangible items, the Designating Party may affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." In the event that Litigation Materials that are not designated initially as confidential are later designated as confidential, they shall thereafter be treated as confidential Litigation Materials in accordance with this Protective Order.

7. Parties may designate depositions or other testimony as confidential by any one of the following means: (a) stating orally on the record that the information is confidential and the portions for which such designation is made, on the day that testimony is given; or (b) sending written notice designating information as confidential within five business days after receipt of a transcript thereof. All information disclosed during a deposition shall be treated as if it were confidential unless and until the five business day period set forth in this paragraph has expired without any written designation notice having been sent. Failure to designate depositions or other testimony as confidential within this five business day period, however, does not preclude a party from doing so later in accordance with this order. Transcript pages containing Confidential Material may be separately bound by the Court Reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party of non-party offering or

sponsoring the witness or presenting the testimony. The Parties may agree to alternative methods by the Court Reporter on the record or in writing.

8. Litigation Materials designated "Confidential," and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed. Such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following persons:

(a) Parties, including opt-in plaintiffs and declarants, to the extent deemed reasonably necessary by counsel for the party for assistance in prosecuting or defending this case;

(b) Counsel for the parties, including both outside counsel and in-house counsel for the parties;

(c) Legal, paralegal, non-technical, and clerical staff employed by counsel for the parties for the preparation of and trial of this action who have been advised of this Order;

(d) Private court reporters or notaries public engaged by the parties in their official capacities;

(e) Persons appearing as deponents or witnesses on behalf of the party who has produced or disclosed the Confidential Litigation Materials, or on whose behalf such Confidential Litigation Materials have been produced or disclosed. Pages of transcribed deposition testimony or exhibits to deposition that reveal Confidential Material may be separately bound by the Court Reporter and may not be disclosed to anyone except as

4

permitted under this Protective Order. The Parties may agree to alternative methods by the Court Reporter on the record or in writing;

(f) Independent experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order; and,

(g) The Court and court personnel in accordance with ¶ 9, below.

9. Before any employee of a party is given access to Confidential Litigation Materials pursuant to ¶9(a) above, or any expert or consultant is given access to Confidential Litigation Material pursuant to ¶9(f), such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms. Counsel of record shall maintain possession of an executed copy of this Protective Order and shall provide a copy of it to each qualified person executing the acknowledgment and agreement appended as Exhibit A. A copy of the acknowledgment and agreement to be bound by the terms of this Protective Order signed by each person falling within the terms of this Protective Order shall be made available to opposing counsel upon request. Nothing in this paragraph, however, shall require the disclosure of the identity of experts retained by the parties.

10. If Litigation Materials designated confidential or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential" and such material or documents shall be filed in accordance with the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York.

11. If any party objects to the designation of any Litigation Materials as Confidential, that party may challenge the designation pursuant to the following procedure:

(a) Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

(c) If the parties are unable to resolve their differences, they shall so state in writing. The party challenging the designation must then file a Motion or request a conference with the Court within seven (7) calendar days thereafter. If the party making the challenge does not file a Motion or request a conference with the Court within fourteen (14) days from written notice of the objection, the document remains deemed Confidential.

6

6264/40909-003 Current/10758955v2

  (d) Until the court rules on the motion, Confidential material shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential material (except as provided for in ¶10), but may refer to them by proper identification, such as Bates Stamp number or date and author.

12. Nothing in this Protective Order shall prevent any party from disclosing its own Confidential Litigation Materials as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the Protective Order.

13. If a party to this Protective Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena. Where possible, at least seven (7) calendar days notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three (3) business days, to take appropriate action, including seeking judicial relief. By this Protective Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application on notice on any grounds.

14. This Protective Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the

7

assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

15. The fact that discovery material is designated confidential or that such material is disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

16. The inadvertent production or disclosure of any Litigation Material in discovery or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

17. The parties may modify the provisions of this Protective Order at any time by stipulation approved by order of the Court.

18. Within 30 days after the final termination of this action, the receiving party shall either (1) assemble and return to each designating party or person or (2) destroy all material embodying information designated as Confidential Information, including all copies of such documentary material. Should a party elect to destroy all materials rather than return such materials, counsel for such party shall provide a written confirmation of such destruction within 60 days after the final termination of this action.

19. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Information is not or does not become known to the

public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

| | |
|---|---|
| JOSEPH & HERZFELD LLP<br>Attorneys for Plaintiffs and proposed<br>collective action and class action members | PROSKAUER ROSE LLP<br>Attorneys for Defendants |

Dated: February 11, 2008

By: _____
D. Maimon Kirschenbaum

757 Third Avenue, 25th Floor
New York, New York 10017
(212) 688-5640
Attorneys for Plaintiffs

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
Tel: (212) 983-8999

Dated: 2/12/08

By: _____
Elise Bloom

Elise M. Bloom (EB-7932)
Brian J. Gershengorn (BG-7544)
1585 Broadway
New York, New York 10036
(212) 969-3410
Attorneys for Defendants

*[handwritten annotation]: While David [illegible] the right to unseal this stipulation the Court will [illegible] to this [illegible] records on file*

DATE: 3/17/08

SO ORDERED: _____
U.S.D.J.

9

6264/40909-003 Current/10753955v2

** TOTAL PAGE. 11 **

Endorsement: While I will so order this stipulation the Court reserves the right to unseal any sealed records on notice to the parties.