UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------ x | |
| VIRGINIA ALEYN, DOMINIQUE BELL, KRIS MOUNT, SUKOL PHAIROJ, KATHERINE TUMINELLI and CRAIG YOCHEM on behalf of themselves and all other similarly situated, | Civil Action No.: 07-6276 **(HB) (DCF)** |
| Plaintiffs, | |
| -against- | **JOINT STIPULATION OF SETTLEMENT AND RELEASE** |
| JEAN-GEORGES ENTERPRISES, LLC d/b/a V STEAKHOUSE; JEAN-GEORGES MANAGEMENT LLC d/b/a V STEAKHOUSE; JEAN-GEORGES VONGERICHTEN and PHIL SUAREZ | |
| Defendants. | |
| ------------------------------------------------ x | |

THE PARTIES STIPULATE AND AGREE as follows:

This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") or "Settlement") is made and entered into on April 17, 2008, by and between named Plaintiffs Virginia Aleyn, Dominique Bell, Kris Mount, Sukol Phairoj, Katherine Tuminelli and Craig Yochem, individually and on behalf of the class they represent ("Plaintiffs" or "Class Representatives") and Defendants Jean-Georges Enterprises, LLC, Jean-Georges Management LLC and Jean-Georges Vongerichten, its parent corporations, subsidiaries, predecessors or successors, affiliated entities and all agents, employees, officers, directors and attorneys thereof ("Defendants" or "Jean-Georges"), and is subject to the terms and conditions hereof and the approval of and confirmation by the Court. Plaintiffs and Defendants may be referred to collectively as "the Parties."

1.      On July 9, 2007, Plaintiffs filed a collective action and a class action complaint in the Southern District of New York, Case Number 07 cv 6276 (the "Lawsuit"), captioned *Virginia Aleyn, Dominique Bell, Kris Mount, Sukol Phairoj, Katherine Tuminelli and Craig Yochem, on behalf of themselves and al others similarly situated v. Jean-Georges Enterprises, LLC d/b/a V Steakhouse; Jean-Georges Management LLC d/b/a V Steakhouse; Jean-Georges Vongerichten and Phil Suarez.* The Lawsuit alleged that Plaintiffs and other employees who worked at Defendants' V-Steakhouse restaurant from May 1, 2004 through December 2005 had been deprived of a portion of their tips as a result of a practice to share their tips with Maitre'd/Floor Managers of V-Steakhouse and were not paid for all hours worked. The Lawsuit sought, among other things, unpaid wages, restoration of tips, restitution, penalties, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs. A motion for class certification was not filed in the Lawsuit.

2.      For purposes of this Stipulation of Settlement, there shall be one "Settlement Class." The Settlement Class shall be defined as follows:

> "All persons who were employed by Jean-Georges, at its V-Steakhouse restaurant as a server, busser, runner, "office" worker, coffee worker, cocktail waitress/waiter, bartender or bar back at any time during the period from May 1, 2004, through December 31, 2005, inclusive."

The period from May 1, 2004, through December 31, 2005, inclusive, may be referred to as the "Class Period."

3.      Beginning in November 2007, the Parties engaged in settlement discussions. On or about March 5, 2008, the Parties reached a tentative settlement, subject to approval and confirmation by the Court. The Parties now are entering into a detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.

4.      Solely for purposes of settling the Lawsuit, the Parties conditionally stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have

2

been met and are met, and, therefore, for purposes of effectuating this Stipulation of Settlement, the Parties stipulate to class certification. More specifically, the Parties conditionally stipulate and agree that:

      a.      The Settlement Class is so numerous as to make it impracticable to join all Settlement Class members.

      b.      There is an ascertainable Settlement Class.

      c.      Common questions of law and fact exist.

      d.      Plaintiffs' claims are typical of the claims of the members of the Settlement Class.

      e.      D. Maimon Kirschenbaum, Esq. and Charles Joseph, Esq. of Joseph & Herzfeld LLP, and Jeffrey E. Goldman Esq. of the Law Offices of Jeffery E. Goldman, 501 Fifth Avenue, Suite 1900, New York, New York 10017 should be deemed "Class Counsel" and will fairly and adequately protect the interests of the Settlement Class.

      f.      The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

      g.      Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members of the Settlement Class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

5.      If, for any reason, the Court does not grant final approval of the Settlement, the stipulation of class certification shall be void *ab initio*. Defendants expressly reserve their right to oppose class certification should the Settlement not become final. Neither this Stipulation of Settlement, nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

6.      Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit, and further deny that, for any purpose other than settling this

Lawsuit, the action is appropriate for class or other representative treatment. Defendants deny, among other things, that they unlawfully denied Plaintiffs any tips to which they were entitled. Additionally, Defendants deny that they failed to compensate Plaintiffs for all hours worked. Defendants contend, among other things, that they have complied at all times with the Fair Labor Standards Act and the New York Labor Laws. Plaintiffs, on the other hand, believe the Lawsuit is meritorious.

7.     Defendants have conducted an investigation into the allegations raised by the Plaintiffs in the Lawsuit and evaluated the information elicited through its investigation and have concluded that, despite their good faith belief that they are not liable for any of the claims asserted in the Lawsuit and that it has good defenses to those claims, they will enter into this Settlement to obtain the conclusive and complete dismissal of the Lawsuit, and to avoid: (i) the further expense, inconvenience and burden of this litigation, (ii) the distraction and diversion of its personnel and resources, and (iii) the risk and uncertainty of the outcome inherent in any litigation. Defendants are willing to enter into this Settlement as a means to resolve fully all claims related to the allegations in the Lawsuit.

8.     Plaintiffs and Class Counsel have performed a thorough study of the law and facts relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation and informal discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue the action through the appeal and further litigation, the risks and costs of further prosecution of the Lawsuit, the uncertainties of the appeal and complex litigation, and the substantial benefits to the members of the Settlement Class, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class. Plaintiffs, on their own behalf and on behalf of each Settlement Class member, have agreed to settle the Lawsuit on the terms set forth herein.

9.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between Defendants and the Settlement Class based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred

to herein as the "Released Claims" and as defined in Paragraph 16 below. In order to achieve a full and complete release of Defendants (and the Releasees as defined in Paragraph 16) of such disputes and claims, each Settlement Class member (which includes any legal heirs and/or successors-in-interest of each Settlement Class member), through execution of the Stipulation of Settlement by the Class Representatives, acknowledges that this Stipulation of Settlement is intended to include in its effect all claims covered by the release applicable to the Settlement Class, all as more fully defined in Paragraph 18 below.

10.    The Parties agree to cooperate and take all necessary and appropriate steps to dismiss the Lawsuit with prejudice.

11.    This Settlement provides for a claims process requiring Defendants to make settlement payments to the Class Members according to a specified formula for each timely and valid claim submitted. The maximum total payment under the Settlement, including all attorneys' fees and costs, the enhancement fees to the Class Representatives, interest and any other payments provided by this Settlement (including the costs of administering the Settlement), is Two Hundred Seventy Thousand Dollars and no cents ($270,000.00). Defendants shall pay the employer portion of government-mandated withholdings, which amount shall not be included in, but will be in addition to, the maximum total payout.

## TERMS OF SETTLEMENT

12.    In consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.      It is agreed by and among Plaintiffs and Defendants that the Lawsuit, and any claims, damages, or causes of action arising out of or related to the dispute, whether asserted or not, which are the subject of the Lawsuit, be settled and compromised as between the Settlement Class and Defendants, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

b.      <u>Effective Date</u>:  The settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:

i.      this Stipulation of Settlement has been executed by all parties and by counsel for the Settlement Class and Defendants;

ii.      the Court has given preliminary approval to the settlement;

iii.      notice has been given to the Class Members, providing them with an opportunity to submit a request to be excluded from the settlement;

iv.      the Court has held a final approval hearing and entered a final order and judgment certifying the Class, dismissing this case with prejudice, and approving this Stipulation of Settlement; and

v.      the later of the following events:  when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order approving the settlement with no right to pursue further remedies or relief.  In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

c.      <u>Settlement Payments</u>:  Net Settlement Amount ("NSA") shall be calculated by deducting from Defendants' maximum total payment of Two Hundred Seventy Thousand Dollars and no cents ($270,000.00) the sums set forth below as the anticipated payments under

this Settlement for attorneys' fees and past, present and future costs; the Class Representative's Enhancement Fee (as set forth in subsection v, below), the Gerafino Individuals Enhancement Fees (as set forth in subsection vi, below) and all costs of administration. Settlement payments to Class Members who do not opt-out of this Settlement ("Qualified Class Members") will be calculated by Plaintiffs' Counsel and paid out of the NSA as set forth below ("NSA Payments").

        i.    <u>Net Settlement Amount Payments</u>: The settlement payments to the Qualified Class Members will be designated as payments for lost compensation, and other losses and/or penalties on a claims-made basis related to any and all claims or causes of action, whether known or unknown, which have been or could have been asserted against the Releasees (as defined in Paragraph 16, below), or any of them, under any federal, state or local law, the allegations made in the Lawsuit, including, but not limited to, the purported non-payment of compensation or withholding of tips, or other relief requested or which could have been requested in the Lawsuit.

     Class Counsel will handle administration of the settlement, subject to oversight and spot-checks as deemed necessary by Defendants' Counsel. All costs of administration of the settlement shall be paid by Class Counsel. Duties of administration of the settlement shall include, without limitation, mailing notices, performing address updates and verifications as necessary prior to the first mailing, mailing deficiency letters (if any), performing one skip trace on any returned mail, and the calculation, processing, and mailing of all class member settlement checks and tax forms (including Forms W-2 and 1099) to Settlement Class members and tax authorities.

     The NSA Payments shall be calculated as follows: (1) each Class Member will be classified, based on Defendants' records in one of the following categories: "Server," "Cocktail," "Runner," "Busser," "Office," "Coffee," "Bartender," or "Barback," according to the job held while employed at Defendants; (2) each Server will receive eight points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period; (3) each Cocktail employee, Busser and Barback will receive five points for each

workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period; (4) each Office and Coffee employee will receive four and one half points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period; (5) each Runner will receive six points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period; (6) each Bartender will receive seven points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period; and (7) each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier; (8) to the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

Class Counsel will be responsible for mailing a check to each Qualified Class Member in the value of that Class Member's claim, less any applicable withholdings that are not to be borne by Defendants. Defendants are not required under this settlement to make any further proceeds available from the NSA.

Defendants will deliver to Class Counsel the NSA Payments within Twenty (20) calendar days following the Effective Date (as set forth in Paragraph 12(b) above).

ii.     Allocation Of Net Settlement Amount Payments: The Parties have determined that the NSA Payments, will be treated as One-Third (1/3) earnings, subject to IRS Form W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law and Defendants will make all required contributions. The remainder shall be treated as One-Third (1/3) interest and One-Third (1/3) liquidated damages sought in the Lawsuit and Class Members will be issued an IRS Form 1099 for that portion of their payments. Defendants shall be responsible for preparing all IRS Forms W-2, IRS Forms 1099. Class Counsel shall be responsible for preparing all notices, mailings, claims and administration in accordance with this Stipulation of Settlement. Class Members are responsible to pay appropriate taxes due on the NSA Payments they receive. Class Counsel and Defendants'

8

Counsel do not intend this Stipulation of Settlement to constitute legal advice. To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

  iii. <u>Settlement Payments Do Not Trigger Additional Benefits</u>: All NSA Payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members. It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Class Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the NSA Payments provided for in this Stipulation of Settlement are the sole payments to be made to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the NSA Payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

  iv. <u>Attorneys' Fees</u>: Subject to Court approval and/or modification, Defendants further agree to pay attorneys' fees and past, present and future costs as set forth in Paragraph 14 below as part of Defendants' maximum payment amount.

  v. <u>Class Representative Enhancement Fee</u>: Subject to Court approval, and as part of Defendants' maximum payment amount (as described in Paragraph 12(c), above), Defendants further agrees to pay Class Representative Virginia Aleyn an enhancement fee of Five Thousand Dollars ($5,000), for her services as Class Representative (the "Enhancement Fee"). This payment is in addition to the claim share to which the Class Representative is entitled along with other claiming Class Members. Defendants will issue an IRS Form 1099 for the Enhancement Fee to the Class Representative, and the Class Representative will be

9

responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amounts received. The Class Representative agrees to pay all taxes due on the Enhancement Fee. Defendants will pay the Enhancement Fee within Twenty (20) calendar days following the Effective Date (as set forth in Paragraph 12(b) above).

vi.    *Gerafino* Enhancement Fees: Subject to Court approval, and as part of Defendants' maximum payment amount (as described in Paragraph 12(c), above), Defendants further agree to pay Ajit Bardhan, Lenford Johnston, Ian Long, Victor Melendez and Sukol Phairoj (*Gerafino* Individuals) Enhancement Fees of Five Hundred Dollars ($500.00) for Ajit Bardhan, Five Thousand Dollars ($5,000.00) for Lenford Johnston, Three Thousand Dollars ($3,000.00) for Ian Long, Four Thousand Dollars ($4,000.00) for Victor Melendez, and Two Thousand Dollars ($2,000.00) for Sukol Phairoj, to settle any and all disputes they have or may have asserted in the *Gerafino et al. v. Jean-Georges Enterprises et al.,* matter (the "Gerafino Enhancement Fees"). These payments are in addition to the claim share to which the *Gerafino* Individuals are entitled along with other claiming Class Members. Defendants will issue an IRS Form 1099 for this Enhancement Fee to the *Gerafino* Individuals, and the *Gerafino* Individuals will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amounts received. The *Gerafino* Individuals agree to pay all taxes due on these Enhancement Fees. Defendants will pay the Gerafino Enhancement Fees within Twenty (20) calendar days following the Effective Date (as set forth in Paragraph 12(b) above).

vii.    Mailing Of Settlement Payments: Class Counsel shall cause the NSA Payments and all Enhancement Fees to be mailed to the Qualified Class Members within approximately Thirty (30) calendar days of the Effective Date, as set forth in Paragraph 12(b), above.

viii.    Qualified Class Members will have Ninety (90) calendar days after mailing by the Defendants' Counsel to cash their settlement payments. If Qualified Class Members do not cash their settlement payment checks within the 90 day period, their settlement checks will be void and a stop-pay will be placed. In such event, Defendants will wait another Two Hundred and Seventy Five (275) days for the Settlement Class Member to request a replacement check. All uncashed settlement payments shall be returned to Defendants.

d.    <u>Resolution of Disputes</u>: In the event a Class Member disputes the number of weeks worked, for which he or she is entitled to receive credit under the Settlement, Class Counsel shall forward said dispute to Defendants' counsel and Defendants, who will seek to resolve the dispute. Defendants' regularly maintained business records shall be deemed to control in the event of such a dispute. The Class Member must submit information or documents supporting his or her position Ten (10) days of the date his or her receipt of the NSA payment. Information or documents submitted after Ten (10) days will not be considered, unless otherwise agreed to by the Parties. In no event shall any payment paid pursuant to a dispute resolution cause Defendants' maximum total payment, as set forth in Paragraph 12(b) above.

e.    <u>Right to Rescission</u>:

i.    If the total number of Class Members who opt out of the Settlement Class exceeds Twenty Percent (20%) of the total number of Class Members, Defendants shall have the right in its sole discretion to rescind and void the Settlement at any time prior to final approval by the Court by giving written notice to Class Counsel.

ii.    In the event that the Court does not approve the Settlement, and the basis for the Court's disapproval of the Settlement does not involve a material term of this Stipulation of Settlement, the Parties shall make good faith efforts to modify this Stipulation of Settlement so as to gain the Court's approval. In the event that the Court issues an order preliminarily or finally approving the Settlement in a form materially different from this Stipulation of Settlement, the Parties shall each have Ten (10) days to withdraw from the Settlement, which

11

may be exercised immediately upon submission of written notice to the other Party and filing with the Court. If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement shall be null and void for all purposes, and the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions.

## CLAIMS ADMINISTRATION

13.    Class Counsel will send out to the Class Members the Notice of Pendency of Class Action and Proposed Settlement. Defendants will issue NSA Payments in accordance with this Stipulation of Settlement and deliver to Class Counsel. Class Counsel will send out NSA Payments to Class Members in accordance with this Stipulation of Settlement. All disputes relating to Class Counsel's performance of its duties shall be referred to the Court, if necessary, which shall have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

## ATTORNEYS' FEES AND COSTS

14.    In consideration for settling these matters and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Defendants agree not to oppose an award by the Court of Class Counsel attorneys' fees in the total amount of 33.33% of the maximum total payment (after deduction of costs, detailed below) under the Settlement, or $89,227. In addition, Class Counsel may seek an award of costs (which includes all past, present and future costs and expenses incurred by Class Counsel in prosecuting Plaintiffs' claims in the Lawsuit) of up to Two Thousand Two Hundred and Ninety One Dollars ($2,291.00). The attorneys' fees are to compensate Class Counsel for all the work already performed in the Lawsuit, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly

administered and implemented, and obtaining dismissal with prejudice of the Lawsuit.  The attorneys' fees and costs approved by the Court shall be paid to Class Counsel within Twenty (20) calendar days following the Effective Date (as set forth in Paragraph 12(b), above) or within Ten (10) calendar days of the resolution of any appeal if an appeal is filed and is unsuccessful.

## **NOTICE TO THE CLASS**

15.    A Notice of Class Action and Proposed Settlement ("Notice") approved by the Court shall be sent by Class Counsel to the Class Members by first class mail.  A copy of the Proposed Notice agreed upon by the Parties is attached hereto as Exhibit A.  Any returned envelopes from these mailings with forwarding addresses will be utilized by Class Counsel to forward the Notice to the Class Members.

a.    Within Fifteen (15) days of the date that the Court grants preliminary approval of this Settlement, Defendants shall provide to Class Counsel a database, which will list each Class Member's name, last known address, and social security number.  Class Counsel agrees to use this data solely for the purposes of effectuating this Settlement and will comply with all state and federal laws that protect the privacy of current and former Jean-Georges employees.  This database shall be based on Defendants' payroll and other business records.  Class Counsel agrees to consult with Defendants prior to the production date to ensure that the format will be acceptable.  Class Counsel will, if necessary, run a check of the Class Members' addresses against those on file with the United States Postal Service's National Change of Address List; this check will be performed only once per Class Member.  Within Fifteen (15) calendar days after the database is provided to Class Counsel, Class Counsel will mail the Notice to the Class Members.

b.    Class Members may opt out of, or exclude themselves from, the Settlement Class under Federal Rule Civil Procedure 23 by mailing to the Class Counsel a written statement expressing their desire to be excluded from the class.  The statement must include their name

13

(and former name), current address, telephone number, social security number, and the dates of employment with Defendants. Any such written exclusion must be post-marked not more than Forty Five (45) calendar days after the date Class Notice is mailed to the Settlement Class – a copy of all written exclusions must also be sent to Defendants' counsel. Written exclusions that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely exclusion statements will not participate in the settlement, nor will they be bound by the terms of the proposed settlement, if it is approved, or the final judgment in this action. Any Class Member who fails to exclude him/herself from the settlement pursuant to this Paragraph will become a Plaintiff and designates the Class representatives as their representative to make decisions on their behalf concerning their state wage claims. Any Class Member who fails to exclude him/herself from the settlement will be deemed a participant whose rights and claims are determined by the terms of this Agreement, including the release provisions this Agreement, as approved or modified by the Court. Settlement Class Members shall be permitted to rescind their exclusion statements in writing by submitting a rescission statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing or as otherwise ordered by the Court.

  c.  Notices returned to Class Counsel as non-delivered during the Forty-Five (45) day period for filing claims shall be resent within Seven (7) days to the forwarding address, if any, on the returned envelope. Class Counsel will resend a returned Notice to a forwarding address only one time per Class Member. If there is no forwarding address, Class Counsel may do a computer search for a new address using the Class Member's social security number; this search will be performed only once per Class Member. Upon completion of these steps by Class Counsel, the Parties shall be deemed to have satisfied their obligation to provide the Notice to that Class Member and the member shall be bound by all the terms of the Stipulation of Settlement and the Court's order and final judgment.

d.     Class Counsel shall provide to the Court, at least Five (5) days prior to the final approval hearing, a declaration, signed by Class Counsel, of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement.

e.     Class Members who wish to object to this settlement must do so in writing or appear in person at the final approval and fairness hearing.  Those who wish to object in writing must state the basis of the objection and mail the objection to Class Counsel and Defendants' Counsel postmarked on or before Forty Five (45) calendar days after the date Class Notices are mailed to the Class Members.  Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court.

## RELEASE BY THE NAMED PLAINTIFFS AND THE CLASS

16.    a.     Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each Class Member who has not opted out of this Settlement in a timely manner, on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Jean-Georges Enterprises LLC, Jean-Georges Management and Jean-Georges Vongerichten and each of its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturer, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the nonpayment or

15

inaccurate payment of tips and wages under any federal, state or local law, including but not limited to New York and Federal law (29 U.S.C. § 201, *et. seq.,* New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs) and any other claims whatsoever alleged in the Lawsuit and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, to the date of the Court's order granting final approval of this Settlement, arising from the Class Members' employment by Defendants.  In addition, all Class Members who have not submitted a valid Request for Exclusion From Class Action Settlement form forever agree that they, and each of them, shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendants, relating to the claims being settled herein for any period up to and including the date of the Court's order granting final approval of this Settlement.

b.    <u>Gerafino Individuals Additional Release</u> - Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Gerafino Individuals, on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Jean-Georges Enterprises LLC, Jean-Georges Management, Jean-Georges Vongerichten, Perry Street Project LLC; Triomphe Restaurant Corp., d/b/a Jean-Georges Restaurant and Nougatine; Origine LLC d/b/a JoJo Restaurant; Spice Market LLC; and Leonard Street LLC d/b/a 66 Restaurant and each of its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturer, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or

16

entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the nonpayment or inaccurate payment of tips and wages under any federal, state or local law, including but not limited to New York and Federal law (29 U.S.C. § 201, *et. seq.,* New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs) and any other claims whatsoever alleged in the Lawsuit and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, to the date of the Court's order granting final approval of this Settlement, arising from the Class Members' employment by Defendants. In addition, all Class Members who have not submitted a valid Request for Exclusion From Class Action Settlement form forever agree that they, and each of them, shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendants, relating to the claims being settled herein for any period up to and including the date of the Court's order granting final approval of this Settlement.

17.    The Class Members who have not opted out of this Settlement in a timely manner, expressly waive any claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Agreement.

18.    If the Settlement is approved by the Court and not otherwise terminated, the Court will modify and enter the judgment dismissing the Lawsuit with prejudice, and bar and permanently

enjoin all Class Members, including all Class Members who file a Request for Exclusion From Class Action Settlement form (whether such form is valid or invalid), from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in the Lawsuit.  Those Class Members who opted out of this Settlement in a timely manner retain the right to pursue an individual claim or action.  The right to opt out of this Settlement may be exercised individually only by a Class Member and not by any other person in a representative capacity.

19.    The Defendants shall be entitled to insert language on the back of each check issued to Qualified Class Members or in a cover letter to be sent out together with NSA Payments that indicates that by depositing such checks, the Qualified Class Member agrees that he/she has been paid in full for any and all FLSA and New York State Labor Law claims he/she may or might have had against Defendants.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

20.    The Parties shall promptly submit this Stipulation of Settlement to the Court in support of Plaintiffs' Motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Stipulation of Settlement, the Parties will in good faith stipulate to and seek dismissal of the Lawsuit filed by Plaintiffs in the Southern District of New York (Case No.: 07 cv 6276).  Plaintiffs shall apply to the Court for the entry of an order substantially in the following form:

a.      Scheduling a final approval hearing on the question of whether the Settlement, including payment of attorneys' fees and costs, and the Class Representative's Enhancement Fees *Gerafino* Enhancement Fees, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

b.      Approving as to form and content the proposed Notice;

c.      Approving as to form and content the proposed Request for Exclusion From Class Action Settlement form;

d.      Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement, and providing the Class Members an opportunity to submit a request to be excluded from the settlement by first class mail to the Class Members;

e.      Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court;

f.      Preliminarily approving costs of administration; and

g.      Enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the New York Department of Labor) regarding claims released by the Settlement unless and until such Class Members have filed valid Request for Exclusion From Class Action Settlement forms with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

## DUTIES OF THE PARTIES AFTER PRELIMINARY APPROVAL AND PRIOR TO FINAL APPROVAL

21.    a.      Prior to the final approval hearing, Class Counsel will prepare and, after review and approval by Defendants, submit to the Court a proposed final order and judgment of dismissal with prejudice:

i.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

      ii.      Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs including any request for costs for administration – which will come out of the Settlement;

      iii.      Approving the Enhancement Fee to the Class Representatives and the Gerafino Enhancement Fee; and

      iv.      Dismissing the Lawsuit with prejudice, and barring and permanently enjoining all Qualified Class Members from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in the Action. Those Class Members who submit a valid Request for Exclusion From Class Action form retain the right to pursue an individual claim or action but not a collective or class action.

      b.      No later than Thirty (30) days after the all payments are made pursuant to this Agreement, Class Counsel shall return to Defendants all documents and/or data provided to Class Counsel by Defendants related to the Lawsuit and Settlement of the Lawsuit, unless otherwise agreed by both Parties.

## PARTIES' AUTHORITY

22.      The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto, and upon the Court's order granting final approval of this Settlement the Class Members, to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

23.      The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become

necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

24.    Defendants and its counsel agree that they will not attempt to discourage Class Members from requesting to be exclusion from this Class Action Settlement.  It is understood that Class Counsel may provide legal advice and counsel only to those Class Members who initiate and seek such advice from Class Counsel.  Class Counsel will not initiate contact with Class Members for purposes of encouraging Class Members to participate in this Settlement or encouraging them to opt-out.

## NO PRIOR ASSIGNMENTS

25.    The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

26.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any of the Releasees.  The Parties have entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## ENFORCEMENT ACTIONS

27.    In the event that one or more parties to this Stipulation of Settlement institutes a legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

28.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Settlement Class:

D. Maimon Kirschenbaum
Charles Joseph
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, New York  10017

To Defendants:

Elise M. Bloom
Brian J. Gershengorn
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

29.    All notices, demands or other communications by and between counsel for the Parties shall be in writing, transmitted via e-mail or facsimile, and shall be deemed to have been duly given as of the third business day after transmission.

## CONSTRUCTION

22

30.     The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

31.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

32.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

33.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are superseded by this Agreement.  No rights hereunder may be waived except in writing.  This is an integrated agreement.

## BINDING ON ASSIGNS

34.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

35.    It is agreed that because the number of Class Members is so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice of Pendency of Class Action and Proposed Settlement will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Class Member.

## COMMUNICATIONS REGARDING SETTLEMENT

36.    Except as required by law with respect to the identity of the Lawsuit, or in connection with court filings that Class Counsel believes are necessary to obtain approval of this Settlement, the Class Representatives and Class Counsel, and any consultant or other person acting on their behalf, shall not publicize or discuss with third parties the Lawsuit or any terms of the Settlement of the Actions beyond a statement that the Lawsuit has been settled on terms mutually agreeable to the Parties.  The Class Representatives and Class Counsel, on their own behalf, and other persons acting on their behalf, agree that they will not contact any representative of the media (press, television, radio or internet) or make any press release or public statement concerning this Settlement, and if contacted by any representative of the media or press, Class Counsel and/or the Class Representatives will only state that the matter has been satisfactorily resolved on mutually agreeable terms.  Any other statements to the any media, including any weblog, must be explicitly agreed upon in writing by the Parties.  Further, Class Counsel and the Class Representatives agree that they will not post any information concerning this Settlement on any website or on any other form of advertisement or public information.  Consistent with the terms

hereof, Class Counsel may communicate appropriately with Class Members or their representatives, and with accountants or legal advisors regarding the settlement.

## STAY OF PROCEEDINGS

37.    Pending completion of the settlement process, the Parties agree to stay all proceedings in the Lawsuit, except such as are necessary to implement the settlement itself.

## COUNTERPARTS

38.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to the Parties and each of them.

Dated: April 17, 2008

    PROSKAUER ROSE LLP
    ELISE M. BLOOM
    BRIAN J. GERSHENGORN

    Elise M. Bloom
    Attorneys for Defendants

Dated: April 17, 2008

    JOSEPH & HERZFELD LLP

    D. Maimon Kirschenbaum
    Charles Joseph

    LAW OFFICES OF JEFFREY E. GOLDMAN
    Jeffrey E. Goldman

    Attorneys for Plaintiffs