UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
VIRGINIA ALEYN, DOMINIQUE BELL, :
KRIS MOUNT, SUKOL PHAIROJ, : Civil Action No.: 07-6276 **(HB) (DCF)**
KATHERINE TUMINELLI and CRAIG :
YOCHEM on behalf of themselves and all :
other similarly situated, : **NOTICE OF PROPOSED**
: **SETTLEMENT OF CLASS ACTION**
            Plaintiffs, : **LAWSUIT, CERTIFICATION OF FLSA**
: **COLLECTIVE ACTION,**
-against- : **CERTIFICATION OF STATE LAW**
: **CLASSES, AND SETTLEMENT**
JEAN-GEORGES ENTERPRISES, LLC d/b/a : **HEARING**
V STEAKHOUSE; JEAN-GEORGES :
MANAGEMENT LLC d/b/a V :
STEAKHOUSE; JEAN-GEORGES :
VONGERICHTEN and PHIL SUAREZ :
:
            Defendants. :
:
:
------------------------------------------------------------ x

TO:   **ALL PERSONS WHO WERE EMPLOYED BY JEAN-GEORGES, AT ITS V-STEAKHOUSE RESTAURANT AS A SERVER, BUSSER, RUNNER, "OFFICE" WORKER, COFFEE WORKER, COCKTAIL WAITRESS/WAITER, BARTENDER AND BAR BACK AT ANY TIME DURING THE PERIOD FROM MAY 1, 2004, THROUGH DECEMBER 31, 2005, INCLUSIVE---("THE CLASS PERIOD").**

### PLEASE READ THIS NOTICE CAREFULLY

**You may be a Class Member who is entitled to receive money under a proposed class action settlement. You should read this Notice carefully.**

**If you are eligible, Plaintiffs and Defendants encourage you participate in this Settlement. Defendants will not retaliate against any current or former employees who claim their share of this two hundred seventy thousand dollar settlement.**

   •   If you have any question regarding this notice, questions concerning how to complete the attached forms, or questions concerning the calculation of your share of the settlement fund contact Class Counsel, D. Maimon Kirschenbaum, Joseph

& Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; (212) 688-5640; fax (212) 688-2548.

## IMPORTANT DEADLINES:

- **Last Day To "Opt Out" Of The Settlement Class:** _____ **[45 days after mailing of the notice of the Settlement]**

- **Last Day To Object To The Settlement:** _____ **[45 days after mailing of the notice of the Settlement]**

## INTRODUCTION

A class action was brought against V Steakhouse and related entities/individuals which raises claims for unlawful recovery of certain tips, alleged unpaid wages and/or overtime compensation, and other alleged penalties. The parties to the lawsuit reached a settlement which has been granted preliminary approval by the United States District Court for the Southern District of New York. This Notice informs you about your rights and options under the settlement.

If finally approved, the proposed settlement will resolve all claims alleged in this lawsuit, including but not limited to any claims, for any unpaid wages, overtime and/or tips under state and federal law and interest and/or penalties. A hearing will be held _____ at \_\_\_\_:00 \_\_\_a.m. before the Honorable Harold Baer, United States District Judge of the United States District Court for the Southern District of New York (Judge Baer), in Courtroom \_\_\_\_\_, of the United States District Courthouse, 500 Pearl Street, New York, New York 10007, to address whether a proposed settlement of claims against Defendants is fair and reasonable and should be approved.

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement.**

## WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Baer has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your right to money under the Settlement;

- That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement and release your right to sue Defendants for unpaid wages, tips, unpaid overtime

2

- compensation, interest and/or penalties during the time you were a Class Member;

- Of your right to "opt-out" of the Settlement Class, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement;

- Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

On or about January 16, 2007, several former tipped employees employed by Defendants at V Steakhouse restaurant, filed this class/collective action lawsuit against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07 CV 06726 (HB). The lawsuit alleges Defendants violated federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers retention of employees' tips. Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs. Specifically, the Complaint alleges that Defendants: (1) systematically altered hourly employees' time cards so as not to reflect all of the time they actually worked, (2) illegally retained portions of employees' tips by allowing non-tipped employees, such as managers and/or other employees who do not provide direct customer service, to share in the tip-pool, (3) failed to pay their employees minimum and overtime wages, and (4) failed to pay New York State's spread of hours premium.

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the total sum of two hundred seventy thousand dollars and no cents ($270,000) (including attorneys' fees and expenses, and enhancement fees for one plaintiff who played an integral part in this lawsuit and five other employees who released claims against Defendants for work performed at other Jean-Georges locations).

### Monetary Payment

If the Settlement is given final approval by the Court, the maximum amount that Defendants will have to pay is two hundred seventy thousand dollars and no cents ($270,000). If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the two hundred seventy thousand dollars ($270,000) prior to distribution of the settlement funds to the Class Members:

- Enhancement fees: If the Court approves such payment, the Plaintiff Virginia Alleyn will receive $5,000.00. This payment is made because Plaintiff Alleyn provided many hours of service to the class by helping class counsel to formulate claims and by providing documents to support the case. In addition, a total of $14,500 will be paid out to Plaintiffs Ajit Bardhan, Lenford Johnston, Ian Long, Victor Melendez and Sukol Phairoj.

- Attorneys Fees: Class Counsel will apply to the Court for attorneys' fees in the amount of 33.33% of the total class recovery (after deduction of costs), which

3

amounts to $89,227, and costs in the amount of $2,291. This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $158,982 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

### Dismissal of Case and Release of Claims

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Defendants from any claims for unpaid wages, tips, overtime pay, unpaid travel time, unpaid waiting and unrecorded time, spread of hours violations and failure to maintain and furnish employees with proper wage records, and all other claims that were or could have been asserted in this lawsuit under the FLSA, or state wage and hours laws, up to and including the date of final court approval of the settlement which is projected to occur on or about _____, 2008. **It is very important that you understand the terms of the Release. If you have any questions concerning the release of your claims against Defendants, or questions concerning the calculation of your shares of the settlement fund you may wish to contact Class Counsel regarding the scope of the Release.** When the claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, and unpaid overtime, are dismissed with prejudice, that means the Court will not consider claims any further; in other words, the case is over. When claims are released, that means no one covered by the release can sue Defendants over those claims.

### HOW CAN YOU OPT-OUT OF THE SETTLEMENT?

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you must opt out of the Settlement by _____, 2008. If you do not Opt Out, you will be bound by the terms of this Settlement. To Opt Out you must send a letter which states clearly your intent to opt-out, postmarked no later than _____, 2008. You must include your Name, Social Security Number, and the period for which you worked for Defendants in a Class Position. If you choose to opt-out, send your letter to:

> Class Counsel:
>
> D. Maimon Kirschenbaum,
> Joseph & Herzfeld, LLP,
> 757 Third Avenue,
> New York, NY 10017;
> tel (212) 688-5640; fax (212) 688-2548

4

**Objecting to the Settlement:**

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by _____, 2008, and sent to both addresses below:

| Class Counsel:<br><br>D. Maimon Kirschenbaum,<br>Joseph & Herzfeld, LLP,<br>757 Third Avenue,<br>New York, NY 10017;<br>tel (212) 688-5640; fax (212) 688-2548 |
|---|
| To Defense Counsel:<br><br>PROSKAUER ROSE LLP<br>Elise M. Bloom<br>Brian J. Gershengorn<br>1585 Broadway<br>New York, NY 10036-8299<br>Telephone (212) 969-3000 |

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member will receive a share of the $270,000.00 in Settlement Funds that remain after the deductions of the enhancement payments, and attorneys' fees and costs listed above. Your share will depend on the number of weeks you worked within the applicable class period and the job position(s) you worked in. If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against Defendants.

**Distribution Allocation and Examples of Recovery**

To calculate your share, the Class Counsel will determine the number of weeks you worked within the Class Period.

1. The total number of weeks you worked for Defendants in a server position will be multiplied by 8 to determine your Base Points.

2. The total number of weeks you worked for Defendants in a bartender position will be multiplied by 7 to determine your Base Points.

3. The total number of weeks you worked for Defendants in a runner position will be multiplied by 6 to determine your Base Points.

4. The total number of weeks you worked for Defendants in a cocktail waiter/waitress, busser and/or barback position will be multiplied by 5 to determine your Base Points.

5. The total number of weeks you worked for Defendants in a position designated as office or a coffee position will be multiplied by 4.5 to determine your Base Points.

The differences between the multipliers are based on Class Counsel's assessment of the relative strengths of the various damages per plaintiff, based on each employee's points received in the tip-pool while employed by Defendants.

If you remain in the Class, you will receive your pro-rata share of the $158,982 based on the percentage of your Total Points to all of the points for all of the Class Members combined. For example, if your Total Points equaled 1% of all the points for all of the Class Members combined, you would receive $1,589.82.

In general, the longer you worked for Defendants, the more money you will receive. However, these are just examples to illustrate how the calculation formula might be used to distribute the Settlement Fund. The amount you will recover will change according to the number of Class Members who participate in the Settlement.

### Uncashed Checks

You will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash your settlement check. If you do not cash your settlement check within the 90 day period, your settlement check will be void and a stop-payment will be placed. If this happens, Defendants will wait another two hundred and seventy five (275) days for you to request a replacement check.

### EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York 10007. Additionally, you may contact Class Counsel.

If you have questions about this Notice, or want additional information, you can contact the D. Maimon Kirschenbaum, at Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; tel (212) 688-5640; fax (212) 688-2548.